**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| SHEET METAL WORKERS LOCAL NO. 46 HEALTH FUND, by Troy Milne, as Fund Manager; SHEET METAL WORKERS LOCAL NO. 46 ANNUITY FUND, by Troy Milne, as Fund Manager; SHEET METAL WORKERS LOCAL NO. 46 PENSION FUND, by Troy Milne, as Fund Manager; SHEET METAL JOINT APPRENTICESHIP & TRAINING COMMITTEE OF ROCHESTER, NEW YORK, by Dave Thomann and Troy R. Milne, as Trustees; SHEET METAL WORKERS' NATIONAL PENSION FUND, by its Board of Trustees; and SHEET METAL WORKERS LOCAL UNION NO. 46, by Troy Milne, as Business Manager<br><br>Plaintiffs,<br>– against –<br><br>UPDEGRAFF MANAGEMENT LLC; UPDEGRAFF SERVICES INC. and MARK C. UPDEGRAFF, Individually and as an Officer and Shareholder of Updegraff Management LLC and Updegraff Services Inc.,<br><br>Defendants. | **COMPLAINT**<br><br>**Civil Action No.**<br>_____ |

---

Plaintiffs, by their undersigned attorneys, Blitman & King LLP, complaining of the Defendants, respectfully allege as follows:

**I. JURISDICTION AND VENUE**

1.  This is an action arising under the Employee Retirement Income Security Act of 1974 [hereinafter "ERISA"] [29 U.S.C. §§1001 et seq.]. It is an action by fiduciaries of employee benefit plans for monetary and injunctive relief to redress violations of ERISA Sections 404, 406, and 515 [29 U.S.C. §§ 1104, 1106, and 1145]. It is also an action under Section 502(a)(2) for breach of fiduciary duty against employers that failed to timely remit contributions and otherwise abide by the documents that establish and maintain an ERISA covered plan [29 U.S.C.

§1132(a)(2)].

2. This is also an action arising under Section 301(a) of the Labor-Management Relations Act of 1947, as amended [hereinafter "LMRA"] [29 U.S.C. §185(a)]. It is a suit for, among other things, violations of a contract between an employer and a labor organization representing employees in an industry affecting commerce as defined in the LMRA [29 U.S.C. §141 et seq.].

3. Jurisdiction is conferred on this Court by ERISA Section 502(e) [29 U.S.C. §1132(e)], without respect to the amount in controversy or the citizenship of the parties, as provided in ERISA 502(f) [29 U.S.C. §1132(f)]. Jurisdiction is also conferred on this Court, without respect to the amount in controversy, pursuant to LMRA Section 301(a) [29 U.S.C. §185(a)], and pursuant to the laws of the United States of America [28 U.S.C. §1337].

4. Venue is established in this Court by ERISA Section 502(e)(2) [29 U.S.C. §1132(e)(2)] and LMRA Section 301(c) [29 U.S.C. §185(c)]. It is an action brought in the district where the Defendants reside and where the breach took place.

5. Jurisdiction is also conferred on this Court, without respect to the amount in controversy, pursuant to Section 301 of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. §185(a)], and pursuant to federal law [28 U.S.C. §1337].

6. This is also an action arising under 28 U.S.C. §1367. It is an action where all non-federal claims raised in the Complaint are so related to the federal claims as to form part of the same case or controversy within the meaning of Article III of the United States Constitution such that this court may exercise supplemental jurisdiction over those non-federal claims.

## II. DESCRIPTION OF THE PARTIES

7. Plaintiff Troy Milne is the Fund Manager of the Sheet Metal Workers Local No. 46 Health Fund [hereinafter "Health Fund"]. Mr. Milne is a fiduciary of the Health Fund, as defined in §3(14)(A) of the Act [29 U.S.C. §1002(14)(A)]. The Health Fund is administered within the Western District of New York, at 244 Paul Road, Rochester, New York 14624.

8. Plaintiff Troy Milne is the Fund Manager of the Sheet Metal Workers Local No. 46 Pension Fund [hereinafter "Pension Fund"]. Mr. Milne is a fiduciary of the Pension Fund, as defined in §3(14)(A) of the Act [29 U.S.C. §1002(14)(A)]. The Pension Fund is administered within the Western District of New York, at 244 Paul Road, Rochester, New York 14624.

9. Plaintiff Troy Milne is the Fund Manager of the Sheet Metal Workers Local No. 46 Annuity Fund [hereinafter "Annuity Fund"]. Mr. Milne is a fiduciary of the Annuity Fund, as defined in §3(14)(A) of the Act [29 U.S.C. §1002(14)(A)]. The Annuity Fund is administered within the Western District of New York, at 244 Paul Road, Rochester, New York 14624.

10. Plaintiffs Dave Thomann and Troy R. Milne are Trustees of the of the Sheet Metal Workers Joint Apprenticeship & Training Committee of Rochester, New York [hereinafter "JATC"]. Messrs. Thomann and Milne are fiduciaries of the JATC Fund, as defined in §3(14)(A) of the Act [29 U.S.C. §1002(14)(A)]. The JATC is administered within the Western District of New York, at 244 Paul Road, Rochester, New York 14624. [The Health Fund, Pension Fund, Annuity Fund, and JATC are collectively referred to as "Local 46 Funds"].

11. Plaintiff Sheet Metal Workers' National Pension Fund [hereinafter "National Pension Fund"] has a principal office and place of business of the National Pension Fund is 8403 Arlington Boulevard, Suite 300, Fairfax, Virginia 22031. The Board of Trustees of the National

Pension Fund are fiduciaries of the National Pension Fund, as defined in §3(14)(A) of the Act [29 U.S.C. §1002(14)(A)].  The National Pension Fund is collection agent for the International Training Institute for the Sheet Metal and Air Conditioning Industry ["ITI"], the National Energy Management Institute Committee ["NMIC"], and the Sheet Metal Occupational Health Institute Trust ["SMOHIT"].

12. Plaintiff Troy Milne is Business Manager of the Sheet Metal Workers Local Union No. 46 [hereinafter "Local 46"].  Local 46 is an unincorporated association maintaining its principal offices at 244 Paul Road, Rochester, New York  14624 and is a labor organization in an industry affecting commerce within the meaning of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. §141 et seq.].  Local 46 represents employees with respect to the terms and conditions of employment, including, but not limited to, wages, benefits and supplements and is permitted to commence this action on their behalf.

13. The Local 46 Funds and National Pension Fund [collectively referred to as "Funds"] are established pursuant to a collective bargaining agreement, are multi-employer plans as defined in § 3(37) of the Act [29 U.S.C. § 1002(37)], and are employee benefit plans, as described in § 3(3) of the Act [29 U.S.C. § 1002(3)].

14. Upon information and belief, Defendant Updegraff Management LLC [hereinafter "Defendant Updegraff Management"] is a limited liability company incorporated under the laws of the State of New York, has a principal place of business and offices in the Western District of New York at 100 Liberty Pole Way, Rochester, New York 14604, and, at all times relevant herein, was authorized to do, and was doing, business in the State of New York.

15. Upon information and belief, Defendant Updegraff Services Inc. [hereinafter "Defendant Updegraff Services"] is a corporation incorporated under the laws of the State of New York, has a principal place of business and offices in the Western District of New York at 100 Liberty Pole Way, Rochester, New York 14604, and, at all times relevant herein, was authorized to do, and was doing, business in the State of New York.

16. Upon information and belief, Defendant Mark C. Updegraff [hereinafter "Defendant M.C. Updegraff"], is an officer and shareholder of Defendant Updegraff Services and Defendant Updegraff Management.  Upon information and belief, Defendant M.C. Updegraff resides in the Western District of New York at 120 Eastland Avenue, Rochester, New York 14618.

17. Defendant Updegraff Services and Defendant Updegraff Management are employers in an industry affecting commerce, all as defined in ERISA Section 3(5), (11) and (12) [29 U.S.C. § 1002(5), (11) and (12)].  Defendant Updegraff Services and Defendant Updegraff Management are also employers of employees covered by an employee benefit plan and multiemployer plan maintained pursuant to collective bargaining agreement, all as defined in ERISA Sections 3(3) and (37) [29 U.S.C. § 1002(3) and (37)], and are obligated to make contributions to the Funds in accordance with ERISA Section 515 [29 U.S.C. § 1145].

18. Defendants are parties in interest with respect to the Funds as defined in ERISA Section 3(14)(H) [29 U.S.C. § 1002(14)(H)] and act directly as employers and/or indirectly in the interests of the employers in relation to the Funds, all as defined in ERISA Section 3(5) [29 U.S.C. § 1002(5)].

19. To the extent that Defendant M.C. Updegraff exercised authority or control with respect to the management or disposition of assets of Plaintiff Local 46 Funds, he is a fiduciary within the meaning of ERISA Section 3(21)(A) [29 U.S.C. §1002(21)(A)].

### III.  FIRST CAUSE OF ACTION

20. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "19" inclusive of this Complaint as if set forth fully at this point.

21. Section 515 of the Act [29 U.S.C. §1145] provides that:

> Every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

22. At all times relevant herein, Defendant Updegraff Management was party to a 2014-2019 Standard Form of Union Agreement for Sheet Metal, Roofing, Heating, Ventilating and Air Conditioning Contracting Divisions of the Construction Industry covering Monroe, Wayne, Livingston, Ontario, Seneca and Yates Counties in the State of New York between The International Association of Sheet Metal, Air, Rail & Transportation Workers, Local Union 46 and Sheet Metal Contractors of SMACNA-Rochester, Inc. which Agreement was executed by Defendant Updegraff Management on March 10, 2017 [hereinafter "CBA"].

23. Pursuant to the CBA, Defendant Updegraff Management is bound by the terms and conditions, rules and regulations of the Declaration of Trust of the Pension Fund, Restated Agreement and Declaration of Trust of the JATC, Restated Agreement and Declaration of Trust of the Health Fund, Restated Agreement and Declarations of Trust of the Annuity Fund,

{B0136926.4}

Amended and Restated Agreement and Declaration of Trust of the Sheet Metal Workers' National Pension Fund, the Local 46 Funds' Collections Policies [hereinafter collectively referred to as "Trusts" and "Collections Policies"].

24. The CBA, Trusts and the Collections Policies obligate Defendant Updegraff Management to remit contributions to the Plaintiff Funds for each hour of bargaining unit work, i.e., sheet metal workers' work covered by the CBA, performed by employees.

25. The CBA obligates Defendant Updegraff Management to deduct from certain employees' wages stipulated sums for each hour worked and pay said amounts to Local 46, said amounts representing Union dues and vacation monies.

26. The CBA, Trusts, and Collections Policies obligate the Defendant Updegraff Management to file its remittance reports and remit contributions and deductions to Plaintiffs by the fifteenth (15th) day of the month following the month during which the hours were worked by the employees.

27. Under the CBA, Trusts, Collections Policies and ERISA Sections 515 and 502(g)(2) [29 U.S.C. §§1132(g)(2), 1145], if Defendant Updegraff Management fails to timely remit the required contributions and deductions, it is liable not only for the amount of contributions and deductions due, but also for the following: (1) interest on the unpaid and untimely paid Local 46 Funds contributions, calculated at the rate of twenty four percent (24%) per annum; (2) the greater of interest on the unpaid contributions due to the Local 46 Funds or liquidated damages equal to ten percent (10%) of the untimely paid Local 46 contributions; plus (3) interest on the unpaid and untimely paid National Pension Fund contributions, at the rate of 0.0233% per day, compounded daily; plus (4) the greater of interest on the unpaid and untimely paid National

Pension Fund contributions or liquidated damages equal to fifteen percent (10%) of the delinquent payment (but not less than the sum of fifty dollars ($50.00)) for each month payment of the contributions is delinquent; plus (5) interest on the unpaid and untimely paid ITI, NEMIC and SMOHIT monies, calculated at the rate of nine percent (9%) per annum; plus (6) interest on the unpaid and untimely dues deductions, calculated at the rate of nine (9%) per annum; plus (7) interest on the unpaid and untimely paid Vacation monies, calculated at the rate of nine percent (9%) per annum; plus (8) interest on the unpaid and untimely paid SMACNA monies, calculated at the rate of nine percent (9%) per annum; plus (9) costs and fees of collection, audit fees, and attorneys' and paralegal fees.

28. Upon information and belief, during the terms of the CBA, the Trusts, and the Collections Policies, and for the purposes of circumventing and evading the provisions of the CBA, the Trusts, the Collections Policies and the provisions of ERISA and, thus, escaping liability to the Plaintiffs, Defendant M.C. Updegraff transferred employees from and between Defendant Updegraff Management and Defendant Updegraff Services.

29. Upon information and belief, Defendant Updegraff Services engages in and operates a business substantially identical to that conducted by Defendant Updegraff Management and substantially utilizes the same officers and personnel as Defendant Updegraff Management.

30. Upon information and belief, the customers serviced and the nature of the business conducted by Defendant Updegraff Services are substantially identical to that of Defendant Updegraff Management.

31. Upon information and belief, Defendant Updegraff Management and Defendant Updegraff Services utilize the same tools and equipment and operate from the same physical location and address.

32. Upon information and belief, Defendant Updegraff Management and Updegraff Services are a single integrated enterprise or a single employer and Defendant Updegraff Services is a mere extension or continuation of Defendant Updegraff Management and its alter ego.

33. As an alter ego of Defendant Updegraff Management, Defendant Updegraff Services is a party to the CBA with Plaintiff Union and bound to the Trusts and the Collections Policies of the Plaintiff Funds.

34. According to an audit of Defendant Updegraff Management's and Defendant Updegraff Services' records covering the period January 1, 2017 through March 31, 2019, Defendants failed to remit $51,347.51 in fringe benefit contributions and deductions to the Local 46 Funds and Local 46 with regard to hours of bargaining unit work, i.e., sheet metal workers' work, performed by its employees.

35. The $51,347.51 consists of $16,075.34 in contributions owed to the Pension Fund, $22,308.02 in contributions owed to the Health Fund, $3,016.91 in contributions owed to the Annuity Fund, $1,491.89 in contributions owed to the JATC, $5,886.43 in dues, $1,415.31 in vacation monies and $1,153.62 in SMACNA monies owed to Local 46.

36. Defendant Updegraff Management and Defendant Updegraff Services have not paid the contributions and deductions and have not paid the applicable interest, liquidated damages, costs and fees of collection and attorneys' fees.

37. Defendant Updegraff Management and Defendant Updegraff Services, therefore, owe $51,347.51 in contributions and deductions to the Plaintiffs plus the following: (1) interest on the $41,400.27 in unpaid Local 46 Funds' contributions, at the rate of twenty four percent (24%) per annum from the date the contributions were due as set forth in paragraph No. 26; plus (2) the greater of interest on the $41,400.27 in unpaid contributions due to the Local 46 Funds or liquidated damages equal to ten percent (10%) of the $41,400.27 in delinquent contributions; plus (3) interest on the $5,886.43 in unpaid Local 46 dues deductions, at the rate of nine percent (9%) per annum from the date the monies were due as set forth in paragraph No. 26; plus (4) interest on the $1,415.31 in unpaid Vacation monies, at the rate of nine percent (9%) per annum from the date the monies were due as set forth in paragraph No. 26; plus (5) interest on the $1,153.62 in unpaid SMACNA monies, at the rate of nine percent (9%) per annum from the date the monies were due as set forth in paragraph No. 26; plus (6) the costs and fees of collection, audit fees and attorneys' and paralegal fees.

## IV.  SECOND CAUSE OF ACTION

38. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "37" inclusive of this Complaint, as if fully set forth at this point.

39. The CBA, Trusts and Collections Policies obligate Defendants to permit Plaintiffs, on demand, to check, examine and audit their books and records, including their payroll records, relating to hours worked by Defendant Updegraff Management and Defendant Updegraff Services' employees and Defendants' subcontractors, including Union, non-Union, bargaining unit and non-bargaining unit employees.

40. Defendants are contractually liable under the Trusts and Collections Policies to pay the costs and expense of the audit, all auditing fees, and any and all attorneys' and paralegal fees and costs incurred by the Plaintiffs in obtaining an audit.

41. Defendants are contractually liable under the CBA, Trusts and Collections Policies to timely report on a monthly basis the number of hours worked by all of their employees performing bargaining unit work.

42. Defendants are statutorily obligated to maintain accurate and complete books and records for the number of hours of bargaining work, i.e., sheet metal workers' work, performed by all of their employees and subcontractors.

43. Defendants must be ordered to produce Defendant Updegraff Management and Defendant Updegraff Services' books and records for Plaintiffs' review and audit for the period April 1, 2019 to date, to pay the cost and expense of such audit, to pay all auditing fees, and to pay all attorneys' and paralegal fees and costs incurred in obtaining that audit.

44. In the event it is discovered that Defendants have not properly submitted accurate reports to the Plaintiffs and have not properly paid the appropriate monies to the Plaintiffs, the Court must enter a judgment for any and all contributions and deductions that are determined to be due, plus the applicable interest thereon, liquidated damages, costs and expenses of collection, audit fees and attorneys' and paralegal fees, at the rates set forth in paragraph No. 27.

## V. THIRD CAUSE OF ACTION

45. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "44" inclusive of this Complaint, as if fully set forth at this point.

46. ERISA Section 404(a) provides that fiduciaries must discharge their duties with respect to an ERISA covered plan "solely in the interest of the participants and beneficiaries" and "for the exclusive purpose of providing benefits" and "defraying reasonable administrative expenses" [29 U.S.C. §1104(a)(1)(A)].

47. ERISA Section 404(a) provides that fiduciaries must discharge their duties "in accordance with the documents and instruments governing the plan insofar as such documents and instruments" are consistent with federal law [29 U.S.C. §1104(a)(1)(D)].

48. Absent an exemption, ERISA Section 406, 29 U.S.C. §1106, makes it unlawful for fiduciaries to permit ERISA covered plans to engage in certain transactions with parties in interest, including transactions that exchange property or extend credit and to deal with plan assets for their personal account.

49. New York Lien Law Article 3-A provides that construction contractors and their officers, shareholders, directors, managers and agents must use monies earned for work at a construction project to pay the cost of, among other things, the employees' wages and benefits.

50. The Local 46 Funds' Trust and Collections Policies provide that "title to all monies paid into and/or due and owing to the [Plaintiff Local 46 Funds] shall be vested in and remain exclusively in the Trustees of the [Plaintiff Local 46 Funds]; outstanding and withheld contributions constitute plan assets".

51. The Annuity Fund, Health Fund and Pension Fund Collections Policies provides that "all monies received by an employer from any source for work performed by employees represented by the Union shall be held in trust by the Employer. The Employer shall disburse

the monies only for the purpose of paying wages owed to the Employees represented by the Union and fringe benefit contributions owed to the Funds on behalf of the Employees' labor".

52. Upon information and belief, during the period January 1, 2017 to date and in connection with various construction projects, Defendant Updegraff Management and Defendant Updegraff Services employed individuals or subcontractors covered by the CBA who performed work on certain construction projects for the benefit of the projects and Defendants.

53. Upon information and belief, as a result of the work performed by employees or subcontractors of Defendants, Defendants received sums of money related to construction projects intended to pay, among other things, the wages and benefits of the persons furnishing and supplying the labor.

54. Defendant M.C. Updegraff is a fiduciary of the monies so received and the monies so received and held by him constitute assets of the Plaintiff Local 46 Funds to be utilized for the benefit of the Plaintiff Local 46 Funds.

55. By withholding the contributions from the Plaintiff Local 46 Funds, Defendant M.C. Updegraff has received and retained from the Plaintiff Local 46 Funds, for his own and/or Defendant Updegraff Management's and Defendant Updegraff Services' own use and benefit, monies which are rightfully assets of the Plaintiff Local 46 Funds.

56. Defendant M.C. Updegraff, upon information and belief, owned and controlled the affairs of Defendant Updegraff Management and Defendant Updegraff Services.

57. Defendant M.C. Updegraff, upon information and belief, had managerial discretion and control over the Defendant Updegraff Management and Defendant Updegraff

Services and made decisions on behalf of Defendant Updegraff Management and Defendant Updegraff Services.

58. Defendant M.C. Updegraff, upon information and belief, determined which creditors the Defendant Updegraff Management and Defendant Updegraff Services would pay, determined when the Plaintiff Local 46 Funds would be paid, determined how much money would be paid to the Plaintiff Local 46 Funds, exercised control over money due and owing to the Plaintiff Local 46 Funds, determined which employees of the Defendant Updegraff Management and Defendant Updegraff Services would be reported to the Plaintiff Local 46 Funds, and determined the number of hours upon which contributions would be reported as owing to the Plaintiff Local 46 Funds, i.e., exercised control of Plaintiff Local 46 Funds' assets and, therefore, was a fiduciary.

59. To the extent that Defendant M.C. Updegraff transferred, applied or diverted, or permitted the transfer, application, use, or diversion of, the Plaintiff Local 46 Funds' trust assets to purposes other than purposes of the Plaintiff Local 46 Funds without first making payment to Plaintiff Local 46 Funds, Defendant M.C. Updegraff acted contrary to his fiduciary obligations and he is guilty of breaching his fiduciary duty under ERISA, 29 U.S.C. §§ 1104, 1106 and 1109, and the New York Lien Law.

60. To the extent that Defendant M.C. Updegraff used, or permitted the use of, the Plaintiff Local 46 Funds' assets to pay other creditors of the Defendant Updegraff Management and Defendant Updegraff Services rather than forwarding the assets to the Plaintiff Local 46 Funds, he is guilty of breaching his fiduciary duties.

61. To the extent the transfer of the assets to persons other than the Plaintiff Local 46 Funds occurred, and/or the use of the assets for purposes other than those permitted by the Plaintiffs Local 46 Funds occurred, upon information and belief, with the knowledge and/or at the direction of Defendant M.C. Updegraff, he has breached his fiduciary duties.

62. To the extent that Defendant M.C. Updegraff used the Plaintiff Local 46 Funds' assets for purposes other than the interests of the Plaintiff Local 46 Funds and their participants and beneficiaries, he is in violation of §§1104, 1106, and 1109 of ERISA, and the New York Lien Law.

63. To the extent that Defendant M.C. Updegraff has withheld contributions from the Plaintiff Local 46 Funds and/or untimely paid contributions to the Plaintiff Local 46 Funds, he has not acted solely in the interests of the participants and beneficiaries and he has acted contrary to the Plaintiff Local 46 Funds' Trusts and Collections Policies and, therefore, he is individually and personally liable for the violations of ERISA Sections 404 and 406 described herein [29 U.S.C. §§1104 and 1106].

64. To the extent that the audit and/or remittance reports show that Defendant Updegraff Management and Defendant Updegraff Services have not paid contributions to the Plaintiff Local 46 Funds, Defendant M.C. Updegraff has breached his fiduciary duties and he is liable to Plaintiff Local 46 Funds for the following:

    (A) $42,892.16 in contributions owed to the Plaintiff Local 46 Funds, as set forth in paragraph Nos. 35 and 37 of the Complaint herein, plus interest at the consolidated rates of return on Plaintiff Funds' investments, plus attorneys' fees and costs;

    (B) Any monies discovered to be due to the Plaintiff Local 46 Funds as uncovered by the audit sought at paragraph Nos.

    43 and 44 of the Complaint herein plus interest thereon at the consolidated rate of return on Plaintiff Local 46 Funds' investments, plus costs and expenses of collection, audit fees and attorneys and paralegal fees; and

(C) To restore to the Plans any profits that Defendants made through use and retention of the assets of the Plaintiff Local 46 Funds.

## VIII.  SIXTH CAUSE OF ACTION

65. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "64" of this Complaint as if fully set forth herein.

66. Absent an exemption, ERISA Section 406(a) makes it unlawful for fiduciaries to permit ERISA covered plans to engage in certain transactions with parties in interest, including transactions that exchange property or extend credit [29 U.S.C. §1106(a)(1)(A) and (B)].  Absent an exemption, ERISA Section 406(b) makes it unlawful for fiduciaries to deal with plan assets for their personal account [29 U.S.C. §1106(b)(1)-(3)].

67. Section 406(a) of the Act [29 U.S.C. §1106(a)] provides that the following is a prohibited transaction:

(A) sale or exchange, or leasing, of any property between the plan and a party in interest;

(B) lending of money or other extension of credit between the plan and a party in interest;

. . .

(D) transfer to, or use by or for the benefit of, a party in interest, of any assets of the plan; or . . .

68. At all times relevant herein, Defendant M.C. Updegraff was a party in interest with respect to the Plaintiffs' Plans because he was a fiduciary, employer, or owner within the

meaning of ERISA Section 3(14)(A), (C) and (E) [29 U.S.C. §1002(14)(A), (C) and (E)].

69. The Local 46 Funds' Trust and Collections Policies provide that "title to all monies paid into and/or due and owing to the [Plaintiff Local 46 Funds] shall be vested in and remain exclusively in the Trustees of the [Plaintiff Local 46 Funds]; outstanding and withheld contributions constitute plan assets".

70. The Annuity Fund, Health Fund and Pension Fund Collections Policies provides that "all monies received by an employer from any source for work performed by employees represented by the Union shall be held in trust by the Employer.  The Employer shall disburse the monies only for the purpose of paying wages owed to the Employees represented by the Union and fringe benefit contributions owed to the Funds on behalf of the Employees' labor".

71. At all times hereinafter mentioned, Defendant Updegraff Management and Defendant Updegraff Services were obligated to timely remit contributions to the Plaintiff Local 46 Funds as required by the CBA, Trusts and Collections Policies.

72. Defendants have not timely paid contributions to the Plaintiff Local 46 Funds.

73. To the extent that Defendant M.C. Updegraff has withheld contributions from the Plaintiff Local 46 Funds, Defendant M.C. Updegraff received and retained from the Plaintiff Local 46 Funds for his own personal use and benefit, monies which are rightfully assets of the Plaintiff Local 46 Funds.

74. To the extent that Defendant M.C. Updegraff has withheld, received and retained the contributions, Defendant M.C. Updegraff, as a party in interest, impermissibly used the assets of the Plaintiff Local 46 Funds in contravention of §406 of the Act, the interests of the Plaintiff Local 46 Funds and the interests of the Plaintiff Local 46 Funds' fiduciaries, participants

{B0136926.4}

and beneficiaries.

75. Upon information and belief, Defendant M.C. Updegraff has not properly submitted accurate reports to the Plaintiffs and has not properly paid the appropriate monies to the Plaintiffs and, therefore, he has damaged Plaintiffs.

76. To the extent that the audit shows that Defendants have not paid contributions to Plaintiff Local 46 Funds, Defendant M.C. Updegraff has damaged the Plaintiff Local 46 Funds and is liable to Plaintiff Local 46 Funds for the following:

   A. $42,892.16 in contributions owed to the Plaintiff Pension Fund, Health Fund, Annuity Fund, and JATC as set forth in paragraph Nos. 35 and 37 of the Complaint herein, plus interest at the consolidated rates of return on Plaintiff Local 46 Funds' investments, plus attorneys' fees and costs;

   B. Any monies discovered to be due to the Plaintiff Local 46 Funds as uncovered by the audit sought at paragraph Nos. 43 and 44 of the Complaint herein plus interest thereon at the consolidated rate of return on Plaintiff Local 46 Funds' investments, plus costs and expenses of collection, audit fees and attorneys and paralegal fees; and

   C. To restore to the Plans any profits that Defendants made through use and retention of the assets of the Plaintiff Local 46 Funds.

### IX. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

1. On Plaintiffs First Cause of Action, judgment against the Defendants Updegraff Management and Defendant Updegraff Services for $51,347.51 in contributions and deductions to the Plaintiffs plus the following: (1) interest on the $41,400.27 in unpaid Local 46 Funds' contributions, at the rate of twenty four percent (24%) per annum from the date the

contributions were due as set forth in paragraph No. 26; plus (2) the greater of interest on the $41,400.27 in unpaid contributions due to the Local 46 Funds or liquidated damages equal to ten percent (10%) of the $41,400.27 in delinquent contributions; plus (3) interest on the $5,886.43 in unpaid Local 46 dues deductions, at the rate of nine percent (9%) per annum from the date the monies were due as set forth in paragraph No. 26; plus (4) interest on the $1,415.31 in unpaid Vacation monies, at the rate of nine percent (9%) per annum from the date the monies were due as set forth in paragraph No. 26; plus (5) interest on the $1,153.62 in unpaid SMACNA monies, at the rate of nine percent (9%) per annum from the date the monies were due as set forth in paragraph No. 26; plus (6) the costs and fees of collection, audit fees and attorneys' and paralegal fees.

    2.    On Plaintiffs' Second Cause of Action, judgment against Defendant Updegraff Management and Defendant Updegraff Services, as alter egos and/or single integrated enterprises or single employers, for the following:

    (A)    Requiring them to produce their books and records for Plaintiffs' review and audit for the period April 1, 2019 to date, to pay the cost and expense of such audit, to pay all auditing fees, and to pay all attorneys and paralegal fees and costs incurred in obtaining that audit;

    (B)    For any and all contributions and deductions that are determined to be due pursuant to the audit, plus the applicable interest thereon, liquidated damages, costs and expenses of collection, audit fees and attorneys and paralegal fees, all at the rates set forth in Complaint paragraph No. 27.

    3.    On Plaintiffs' Third Cause of Action, judgment against Defendant M.C. Updegraff:

    (A)    $42,892.16 in contributions owed to the Plaintiff Local 46 Funds, as set forth in paragraph Nos. 35 and 37 of the Complaint herein, plus interest at the consolidated rates of

return on Plaintiff Funds' investments, plus attorneys' fees and costs;

(B) Any monies discovered to be due to the Plaintiff Local 46 Funds as uncovered by the audit sought at paragraph Nos. 43 and 44 of the Complaint herein plus interest thereon at the consolidated rate of return on Plaintiff Local 46 Funds' investments, plus costs and expenses of collection, audit fees and attorneys and paralegal fees; and

(C) To restore to the Plans any profits that Defendants made through use and retention of the assets of the Plaintiff Local 46 Funds.

DATED: May 27, 2020

BLITMAN & KING LLP

By: */s/ Jennifer A. Clark*
Jennifer A. Clark, Esq.
Attorneys for Plaintiffs
Office and Post Office Address
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, New York 13204-1415
Telephone: (315) 422-7111
Facsimile: (315) 471-2623
Email: jaclark@bklawyers.com

{30136926.4}