UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**Sheet Metal Workers Local No. 46 Health Fund, et al.,**

        Plaintiffs,

v.

**Updegraff Management, LLC, at al.,**

        Defendants.

**DECISION and ORDER**

20-CV-6345-EAW-MJP

**APPEARANCES**

For Plaintiffs:        **Jennifer A. Clark, Esq.**
Blitman & King LLP
Franklin Center, Ste 300
443 N Franklin St

For Defendants:        **Jeffrey Alan Meyer, Esq.**
Venable LLP
151 W 42nd St
49th Floor
New York, NY 10036

## INTRODUCTION

**Pedersen, M.J.** Updegraff[1] has repeatedly failed to participate in discovery in this case. And now Updegraff has failed to respond to Sheet Metal Workers' motion to compel.

I grant in part Sheet Metal Workers' unopposed motion. And I take this opportunity to **warn** Updegraff that failure to comply with

---

[1] References to "Updegraff" in this decision and order refer to all Defendants.

this order may result in serious consequences down the road—including the possibility of default judgment. While I cannot issue a default judgment, I may report and recommend to the Hon. Elizabeth A. Wolford, Chief Judge, that Sheet Metal Workers be awarded a default judgment against Updegraff and his company.

## BACKGROUND

Sheet Metal Workers sued to recover fringe benefit contributions from Updegraff (personally and from his company) under ERISA. They also sought a payroll audit. Sheet Metal Workers looks to recover from January 1, 2017, to the present.

### *Updegraff fails to provide discovery responses.*

Updegraff's intransigence started early. Sheet Metal Workers contacted me in November 2020, requesting that I "address the Defendants' failure to respond" to its first request for production of documents, first set of interrogatories, and first request for admissions. (Letter, ECF No. 15, Nov. 17, 2020.) They served these discovery demands on Updegraff in August and September 2020. (*Id*. at 2.) Updegraff did not respond, even though Sheet Metal Workers gave him more time. (*Id*.)

In response, in late Fall 2020, I ordered Updegraff to produce certain financial records that Sheet Metal Workers requested. (Order, ECF No. 18, Nov. 24, 2020.) Sheet Metal Workers needed them to perform a payroll audit. (Letter at 1, ECF No. 15.) My November 2020 or-

2

der did not work. Sheet Metal Workers wrote me in January 2021 indicating that Updegraff had not complied. (Letter, ECF No. 20, Jan. 13, 2021.) After holding a conference, I ordered Updegraff to "provide Plaintiffs' auditors with" certain "remaining documents" needed for the audit no later than February 5, 2021. (ECF No. 25, Jan. 25, 2021.)

***Updegraff fails to comply with court orders.***

Sheet Metal Workers again wrote to me on March 11, 2021, to state that Updegraff had not complied with my January 2021 order. (Letter, Mar. 11, 2021, ECF No. 26.) They also noted that Updegraff had not responded to Sheet Metal Workers' first set of documents requests and first set of interrogatories. (*Id.*) I again ordered Updegraff to produce the remaining documents Sheet Metal Workers needed to complete the audit during a March 31, 2021 conference. (Minute Entry, ECF No. 27.) And yet again, Sheet Metal Workers had to write to me. (Letter Mot., May 5, 2021, ECF No. 28.) That time, however, they asked for sanctions. (*Id.*)

I granted Sheet Metal Workers' request for sanctions during a conference on May 20, 2021. (Minute Order, May 20, 2021, ECF No. 31.) I also noted that I was "considering issuing an Order to Show Cause as to why" Updegraff "should not be held in contempt of Court." (*Id.*) I issued an order effecting my oral sanctions decision. (June 11, 2021, ECF No. 33.) I noted that "Updegraff did not cooperate with his

counsel to produce" the financial records Sheet Metal Workers' auditors need. (*Id.* at 1.)

Amazingly, Updegraff again failed to comply. So, on August 25, 2021, I granted Sheet Metal Workers' motion for sanctions in part. (Minute Entry, ECF No. 40; *see also* Order at 1, ECF No. 51, Jan. 10, 2022 ("At the August 25th conference, the Court granted Plaintiffs' motion for sanctions in part[.]").) I awarded fees and costs, and the Clerk filed a corresponding judgment on August 26, 2021. (ECF No. 41.)

### *I facilitate discovery in hopes the parties will settle this case.*

I then engaged in a series of case management conferences. I hoped to facilitate discovery—and perhaps settlement. (Order at 2, ECF No. 51.) I met with counsel by telephone on October 21, 2021, November 30, 2021, December 7, 2021, December 20, 2021, and January 7, 2022. (*Id.*) After ascertaining what documents still needed to be exchanged, I issued an order directing Updegraff to produce certain documents by February 9, 2022. (Decision & Order, ECF No. 54, Jan. 28, 2022.) I then gave Updegraff more time to respond, holding out hope that this case would settle. (Text Order, ECF No. 56, Mar. 17, 2022.)

By June 2022, it appeared that Sheet Metal Workers' auditors had "all information necessary to conduct a payroll audit." (Minute Entry, ECF No. 60, June 8, 2022.) And the parties later submitted a joint

request to extend deadlines to facilitate settlement discussions. (ECF No. 70, Feb. 6, 2023.)

Given the positive turn, I facilitated settlement discussions. I held a settlement conference with the parties on April 11, 2023. (Minute Entry, ECF No. 73.) The case did not settle. (*Id.*) So I set new deadlines for discovery and motion practice. (Scheduling Order, ECF No. 74, Apr. 14, 2023.)

### *After the parties' settlement falls through, Sheet Metal Workers moves to compel responses.*

In October 2023, Sheet Metal Workers wrote to me requesting a conference. (Letter, ECF No. 75, Oct. 17, 2023.) The parties' settlement had fallen through because Updegraff had not "complied with the settlement." (*Id.* at 1.) Sheet Metal Workers again noted outstanding discovery that Updegraff owes. (*Id.*) Sheet Metal Workers thus asked for a discovery extension. (*Id.*) I granted this request after holding a conference with the parties on October 19, 2023. (Scheduling Order, ECF No. 76, Oct. 20, 2023.) Now Sheet Metal Workers has brought the pending motion to compel.

Sheet Metal Workers moved to compel on November 21, 2023. (ECF No. 78.) First, Sheet Metal Workers seeks production of documents in response to requests it made in its first request for production. (Aff. of Jennifer A. Clark, Esq. ¶¶ 16–19, ECF No. 78-1, Nov. 21, 2023.) Notably, Sheet Metal Workers served the first request for pro-

5

duction on Updegraff on August 12, 2020. (*Id.* ¶ 16.) Sheet Metal Workers also seeks to compel responses to its second request for production served on August 10, 2022. (*Id.* ¶ 18).

Second, Sheet Metal Workers has moved to compel Updegraff to answer outstanding interrogatories from its first set of interrogatories served on September 1, 2020. (*Id.* ¶ 20.) Sheet Metal Workers needs these responses because Updegraff referred them "to unidentified documents to find the answers" to these interrogatories. (*Id.* ¶ 21.) And Sheet Metal Workers also seeks to compel Updegraff to respond to its second set of interrogatories served on August 10, 2022. (*Id.* ¶ 22–23.)

Third, Sheet Metal Workers asks me to strike Updegraff's responses and objections to its first request for admissions. (*Id.* ¶¶ 24–27.) This order followed.

## DISCUSSION

As the procedural history of this case shows, Updegraff has a habit of disobeying court orders, ignoring deadlines, and refusing to cooperate with discovery. Under Fed. R. Civ. P. 37(a)(3)(B), for the reasons stated in Sheet Metal Workers' memorandum of law, (ECF No. 78), and given the procedural history I have set out, I decide this motion as follows.

***Updegraff must respond to outstanding discovery, including document requests and interrogatories. And he must answer additional discovery—and participate in a deposition.***

**First,** Updegraff must respond to **all outstanding** discovery responses no later than January 12, 2024, including production of all responsive discovery documents. If Updegraff fails to respond, I will—at the very least—deem forfeited any objections he has made to Sheet Metal Workers' discovery requests except for privilege. **Failure to respond also includes the possible sanction of default judgment.** I thus deny the portions of Sheet Metal Workers' motion to compel seeking forfeiture[2] of Updegraff's objections to its discovery requests.

**Second,** I find that Updegraff did not comply with Fed. R. Civ. P. 33(d) in responding to Sheet Metal Workers' first set of interrogatories, specifically, interrogatories 4 and 5. Under Rule 33(d), a party may answer interrogatories by providing the records from which an answer can be obtained. But the rule required Updegraff to point to which "record [ ] must be reviewed" to locate the answer to the inter-

---

[2] "A waived claim or defense is one that a party has knowingly and intelligently relinquished; a forfeited plea is one that a party has merely failed to preserve." *Wood v. Milyard*, 566 U.S. 463, 471 n.4 (2012) (citation omitted). The correct term here is thus "forfeiture." *See Kontrick v. Ryan*, 540 U.S. 443, 458 n.13 (2004) (quoting *United States v. Olano*, 507 U. S. 725, 733 (1993)) ("Although jurists often use the words interchangeably, 'forfeiture is the failure to make the timely assertion of a right [while] waiver is the intentional relinquishment or abandonment of a known right.'") (alteration added).

rogatory. Fed. R. Civ. P. 33(d)(1) (alteration added). According to Sheet Metal Workers, Updegraff answered without specifying pursuant to Rule 33(d)(1). I thus find that Updegraff failed to provide proper answers to these interrogatories and order Updegraff to issue amended answers no later than January 12, 2024. **Failure to respond will result in sanctions, including the possible sanction of default judgment.**

**Third,** I direct Updegraff to answer Sheet Metal Workers' second set of interrogatories no later than January 12, 2024. **Failure to respond will result in sanctions, including the possible sanction of default judgment.** I find additional interrogatories are appropriate for the needs of this case because of Updegraff's intransigence, which has made it difficult for Sheet Metal Workers to obtain information relevant to the legal issues involved.

**Fourth,** for depositions, I **order** the parties to meet, confer, and set a deposition schedule by no later than December 29, 2023. The parties shall file the agreed-upon schedule on the docket for me to so-order. Absent compelling circumstances, Updegraff **must** adhere to that schedule and must appear for his deposition and ensure that his employees appear for theirs. Failure to do so is highly likely to result in sanctions, including a citation for contempt.

*I will not deem admitted the matters in Sheet Metal Workers' first request for admissions.*

**Fifth,** I will not deem admitted the matters in Sheet Metal Workers' first request for admissions. I deny this part of the motion in its entirety.

Sheet Metal Workers argues that Updegraff submitted "untimely and improper responses" to its first request for admissions. (Aff. of Jennifer A. Clark, Esq. ¶ 27, ECF No. 78-1.) I note first that Updegraff answered each request and answered all requests fully. *See Richard v. Dignean*, 332 F.R.D. 450, 462 (W.D.N.Y. 2019) (rejecting objection to responses to admission requests because "Defendants have formally denied each one of Plaintiff's requests"). Sheet Metal workers did not immediately reject those responses.

I also find that Sheet Metal Workers "broadly fashioned" its requests and did not consistently follow the rule that "each request for admissions must be direct, simple, and 'limited to singular relevant facts.'" *Id.* at 461–62 (citation and quotation omitted). For example, several requests ask about legal concepts like "managerial discretion" and "control," or both. Other requests ask Updegraff to admit to multiple facts. Only a handful of Sheet Metal Workers' requests are drafted "in a manner" permitting them to "be answered with a simple admit or deny without an explanation[.]" *Henry v. Champlain Enters., Inc.*, 212 F.R.D. 73, 77 (N.D.N.Y. 2003). Under these circumstances, and be-

9

cause Sheet Metal Workers only asserted the requests were admitted after Updegraff served his responses, I will not deem the requests admitted or order Updegraff to respond to them more fully.

***Although I grant Sheet Metal Workers' motion to compel only in part, I find an award of fees is appropriate.***

**Finally,** because I grant Sheet Metal Workers' motion to compel in part and deny it in part, this means that Fed. R. Civ. P. 37(a)(5)(C) applies regarding an award of fees. Under the broad discretion that apportionment under Rule 37(a)(5)(C) affords, I am inclined to award Sheet Metal Workers' reasonable attorneys' fees because Updegraff's intransigence necessitated this motion. I therefore permit Sheet Metal Workers to file a motion for reasonable attorneys' fees. Updegraff will have the opportunity to be heard on the appropriateness and reasonableness of fees in opposing this motion.

## WARNING

Updegraff has "a demonstrated history of willful non-compliance with court orders." *Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 451 (2d Cir. 2013) (quotation omitted). Given that, **if Updegraff fails to follow this order, serious consequences, including default judgment, may follow.** Other consequences include preclusion of evidence and contempt of court. I need not list every possible sanction. *See id.* at 452 (holding that the district court only needs to warn of "sanctions" but not necessarily default judgment).

## CONCLUSION

For the foregoing reasons, **I GRANT IN PART and DENY IN PART** Sheet Metal Workers' motion to compel.

No later than December 29, 2024, as described above, the parties must meet, confer, and set a deposition schedule that they will file on the docket. I will so-order that deposition schedule. Failure by any party to appear for the scheduled deposition is **highly** likely to result in severe sanctions, including contempt. **I further order that depositions be completed by the close of discovery, February 1, 2024.** I note that if Updegraff does not participate in these discussions, I may defer to Sheet Metal Workers' preferred deposition schedule.

Then, by January 12, 2024, Updegraff must respond to **all outstanding discovery requests with which he has been served, including the second set of interrogatories.** Failure to do so will result in sanctions, including the possible sanction of default judgment.

Sheet Metal Workers may file its motion for reasonable attorneys' fees at any time following this decision, but no later than the close of discovery, February 1, 2024.

**IT IS SO ORDERED.**

Dated:  December 20, 2023
Rochester, NY

MARK W. PEDERSEN
United States Magistrate Judge